a

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| DEMARCUS CARTEZ JONES #290375, Plaintiff | CIVIL DOCKET NO. 5:20-CV-01543 SEC P |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| DARREL VANNOY, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

---

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by pro se Petitioner Demarcus Cartez Jones ("Jones"). Jones is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Jones challenges his conviction in the First Judicial District Court, Caddo Parish.

Because Jones is not entitled to habeas relief, his Petition should be DENIED and DISMISSED WITH PREJUDICE.

## I.  Background

According to a factual summary by the Louisiana Second Circuit Court of Appeal, Jones, Codefendant Demond Carey ("Carey"), and the victim, Lonzell Armstrong ("Armstrong"), were gathered at an area referred to as "the tree," which is located on a vacant lot in Shreveport, Louisiana ("the tree"). *State v. Jones*, 48,458 (La. App. 2 Cir. 11/20/13, 1–2); 128 So.3d 593, 594. "An argument ensued, which led

1

to Armstrong leaving the group but returning a short time later with a gun." *Id.*
"When Armstrong returned, Heston Smith, a friend to all parties involved, was able
to talk Armstrong into returning to his truck." *Id.* As Smith was encouraging
Armstrong to leave, Jones and Carey approached from behind and shot Armstrong
multiple times as he sat in his truck. *Id.* "Once in custody, Jones admitted that he
shot Armstrong, but claimed that he did so in self-defense." *See id.*

Jones was initially charged by indictment with second-degree murder. The
State later filed an amended indictment for manslaughter, to which Jones pleaded
guilty. It was agreed that Jones would get a 15-year sentence if he testified against
Carey, or a 17-year sentence if he refused to testify. *Id.*

Jones later filed a pro se motion to withdraw his guilty plea, against the advice
of his attorney, Spencer Hays ("Hays"). *Id.* The State did not object, and the trial
court allowed the plea to be withdrawn. ECF No. 13-4 at 5-12. The court warned
Jones that "the State can charge him with whatever the State elects to charge him
with." ECF No. 13-4 at 11. Shortly thereafter, Hays withdrew as counsel. ECF No.
13-3 at 202.

The State filed an amended indictment for second-degree murder. Attorney
Joe Clark ("Clark") represented Jones at trial. ECF No. 13-4 at 14-15. The State
asked to amend the indictment due to a typographical error reflecting that the
incident date was June 19, 2008, instead of July 19, 2008. ECF No. 13-4 at 15. The
court allowed the amendment over Clark's objection. *Id.* The court explained that
the case had been pending since 2008; there was open discovery; the defense was

aware of the actual incident date; the error was typographical; and there was no prejudice. *Id.*

Before trial, the court addressed the admissibility of the statement Jones gave to Detective Rod Demery. Jones's pro se motion to suppress was adopted by his attorney. ECF No. 13-4 at 17. The court heard testimony from Detective Robert Gordon and Detective Demery, as well as recordings between Jones and the detectives. ECF No. 13-4 at 55. The court determined that after initially invoking his right to remain silent, Jones later initiated contact with Detective Demery and made a voluntary statement. *Id.* The court found nothing to support Jones's claims that his statement was induced by pressure, coercion, or misrepresentation. ECF No. 13-4 at 56.

The jury convicted Jones of second-degree murder by an 11-1 vote. ECF No. 13-6 at 47. He was sentenced to the mandatory term of life imprisonment. *State v. Jones*, 48,458 (La.App. 2 Cir. 11/20/13); 128 So.3d 593, 594.

Attorney Carey J. Ellis III of the Louisiana Appellate Project filed an appeal challenging the sufficiency of the evidence and arguing that Jones acted in self-defense. *Id.* Jones filed a pro se brief alleging that the State had breached his plea agreement; an objection was missing from the record; and witnesses committed perjury. *Id.* at 598. The appellate court affirmed the conviction. The Louisiana Supreme Court denied writs. *State v. Jones*, 2013-2926 (La. 5/30/14); 140 So.3d 1173. Jones did not seek further review in the United States Supreme Court.

Jones filed an application for post-conviction relief on April 9, 2015, raising the same six ineffective assistance claims presented in his habeas Petition. ECF No. 13-7 at 75-102. The trial court denied the application because Jones failed to satisfy his burden of proof under article 930.2 of the Code of Criminal Procedure and under *Strickland v. Washington*, 466 U.S. 668 (1984). ECF No. 13-7 at 138-42.

The Louisiana Second Circuit Court of Appeal denied writs on all claims except Jones's claim alleging ineffective assistance of counsel in failing to secure an expert to conduct gunshot residue testing. It remanded for a hearing as to that claim. ECF No. 13-7 at 261-62.

The court appointed J. Ransdell Keene to represent Jones on the remanded claim. ECF No. 13-8 at 81. At the evidentiary hearing, Tara Helsel ("Helsel"), a forensic scientist with R.J. Lee Group, and an expert in gunshot residue analysis, testified about the scanning electron microscope analysis performed on the swabs taken from Armstrong's hands. She could not say that gunshot residue was present. The particles present were consistent with, but not definitive of, gunshot residue, and their presence was not necessarily attributable to the victim firing a weapon as claimed by Jones in support of his theory of self-defense. ECF No. 13-8 at 83-103.

While the matter was under advisement, Jones filed a supplemental claim of ineffective assistance of counsel. The judge denied the remanded post-conviction claim and the supplemental claim. The judge determined that trial counsel was not ineffective in failing to obtain a gunshot residue expert analysis because it would

have been detrimental to Jones's self-defense claim, and would not have changed the outcome of trial.  ECF No. 1308 at 198-202.

Jones again sought supervisory review, which was denied by the appellate court.  ECF No. 13-9 at 116.  The Louisiana Supreme Court also denied review.  *See State v. Jones*, 2019-01306 (La. 7/24/20), 299 So.3d 51.

## II.    Law and Analysis

### A.    Rule 8(a) Resolution

The Court can resolve Jones's § 2254 Petition without the necessity of an evidentiary hearing because there are no genuine issues of material fact relevant to his claims, and the state court records provide an adequate factual basis.  *See Moya v. Estelle*, 696 F.2d 329, 332-33 (5th Cir. 1983); *Easter v. Estelle*, 609 F.2d 756, 761 (5th Cir. 1980); Rules Governing Section 2254 Cases.

### B.    Standard of Review

An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).  The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply de novo review of factual findings or to substitute its own opinions for the determinations made by the trial judge.  *See Davis v. Ayala*, 576 U.S. 257, 276 (2015) (citing *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)).

Under § 2254 and the AEDPA, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in state court unless the adjudication of the claim: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Martin v. Cain*, 246 F.3d 471, 475-76 (5th Cir. 2001), *cert. den.*, 534 U.S. 885 (2001).

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. *See Martin*, 246 F.3d at 476; *see also Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007), *cert. den.*, 555 U.S. 827 (2008).

A federal habeas court should ask whether the state court's application of clearly established federal law was objectively reasonable. A federal court cannot grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously; the court must conclude that such application was also unreasonable. *See Martin*, 246 F.3d at 476. An unreasonable application is different from an incorrect one. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). When a

state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable. *See Mitchell v. Esparza*, 540 U.S. 12, 18 (2003); *see also Davis*, 135 S. Ct. at 2199 (citing *Fry v. Pliler*, 551 U.S. 112, 119 (2007)).

Each of Jones's claims ineffective assistance claims was adjudicated on the merits in state court. 28 U.S.C. §2254(d)(1). The Louisiana Supreme Court rendered the last reasoned opinion when it found that Jones failed to show that he received ineffective assistance of counsel under *Strickland*. *See Jones*, 299 So.3d at 51.

### C.   Jones cannot establish that he received ineffective assistance of counsel.

Because ineffective assistance of counsel claims present mixed questions of law and fact, Jones cannot obtain habeas relief unless he shows that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application" of *Strickland*, which is the "clearly established Federal law, as determined by the Supreme Court" applicable to ineffective assistance claims. 28 U.S.C. § 2254(d)(1); *Richards v. Quarterman*, 566 F.3d 553, 561 (5th Cir. 2009).

To prevail on a *Strickland* claim, a petitioner must demonstrate: (1) deficient performance—counsel's errors were so serious that he failed to function as "counsel" guaranteed by the Sixth Amendment; and (2) prejudice—the errors were so serious as to deprive defendant of a fair trial with a reliable result. *Strickland*, 466 U.S. at 687.

The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. The reviewing court must "indulge

a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997), *cert. denied*, 522 U.S. 1120 (1998).

The second prong requires a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* This means the petitioner must show prejudice great enough to create a substantial, not merely conceivable, likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011), *cert. denied*, 565 U.S. 1162 (2012). The petitioner must satisfy both prongs to prevail on his claim. *Williams v. Stephens*, 761 F.3d 561, 566-67 (5th Cir. 2014), *cert. denied*, 575 U.S. 952 (2015).

Because the Louisiana Supreme Court ruled on the merits, federal habeas relief is precluded if "fairminded jurists could disagree" on the correctness of that determination. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The issue is not whether the federal habeas court believes the state court's *Strickland* determination was incorrect; rather, the issue is whether the state court determination was unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Thus, the federal court's review of the state court's determination under the general *Strickland* standard must be "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

8

### i.    Jones's claim of a conflict with Attorney Joe Clark is meritless.

Jones alleges that he had an irreconcilable conflict with Clark from arraignment onward that deprived him of effective assistance in violation of the Sixth Amendment.

First, Jones does not allege any actual conflict with Clark. He asserts that he and Clark "were at serious odds and had been for some time during the proceedings." ECF No. 1-1 at 11. He complains that Clark failed to file motions, interview witnesses, or investigate the facts. *Id.* He also states that Clark never visited him, did not provide copies of discovery, and did not inform him of the trial strategy. Jones asserts that Clark was not prepared to present a defense and did not keep him informed of developments in the case. *Id.* These are general conclusory complaints that are unsupported by facts, evidence, or the record. "[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000), *cert. denied*, 531 U.S. 849 (2000).

Jones filed pro se motions for exculpatory evidence, a bill of particulars, and to suppress statements made by himself and by witnesses. ECF No. 13-3 at 206-13. To the extent Jones claims Clark was ineffective for failing to file these motions himself, his claim fails. Jones does not show that the motions were meritorious or that they would have been granted had Clark filed them. Nor does Jones show that the trial outcome would have been granted had Clark filed the motions.

Clark actually adopted the motion to suppress Jones's statements and litigated the motion to the court. ECF No. 13-4 at 17. A thorough hearing was conducted with testimony from Detective Gordon, Detective Demery, and Jones. The judge found no support for Jones's allegation that he had been pressured or coerced into making his statement. *Id.* at 31-57.

Jones has not shown that Clark made errors that were so serious he failed to function as "counsel" guaranteed by the Sixth Amendment or that he was deprived of a fair trial with a reliable result. *Strickland*, 466 U.S. at 687. There is no evidence that the outcome of trial would have been different if Jones's attorney had visited with him, provided him copies of discovery, or better informed him the case's progress.

Again, Jones cannot meet his burden under § 2254(d) and *Strickland*.

ii. **Jones's claim regarding Clark's failure to object is meritless.**

Jones alleges that the State did not provide him with sufficient notice under Code of Criminal Procedure article 768 of its intent to introduce a statement Jones made to detectives. He asserts that Clark provided ineffective assistance by failing to object to the introduction of that statement at trial. ECF No. 1-1 at 15. Jones claims that he was prejudiced by the inability to prepare an effective defense.

Article 768 provides that a defendant must be advised in writing of its intent to use a confession or inculpatory statement unless he has been granted pretrial discovery. La. C. Cr. P. art. 768. The record establishes that Jones was granted pretrial discovery. And the 2008 discovery response clearly indicates that the State intends to introduce any statements made by Jones. ECF No. 13-3 at 27.

Additionally, a copy of the statement was provided to Jones's attorney. ECF No. 13-3 at 162-69. Prior to trial, a hearing was conducted on the admissibility of that statement. ECF No. 13-4 at 55.

Jones and his attorney had been aware of the statement since 2008 and knew the State intended to introduce it at trial. There was no basis for an objection based on lack of notice.

Jones cannot meet his burden under 2254(d) and *Strickland*.

### iii.   Jones's counsel was not ineffective for failing to issue subpoenas.

Jones alleges that Clark's failure to subpoena Elijah Taylor, Timothy Emery, Rodrick Emery, and Denis Strickland was constitutionally deficient. Jones claims these witnesses would have testified that he committed the shooting in self-defense.

"To prevail on an ineffective assistance claim based upon uncalled witnesses, an applicant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable." *Gregory v. Thaler*, 601 F.3d 347, 352–53 (5th Cir. 2010) (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)). Claims of uncalled witnesses are disfavored, especially if the claim is unsupported by evidence indicating the witness's willingness to testify and the substance of the proposed testimony. *See Harrison v. Quarterman*, 496 F.3d 419, 428 (5th Cir.2007). The decision of whether to present a witness is considered essentially strategic, and "speculations as to what [uncalled] witnesses would have testified is too uncertain." *Alexander*, 775 F.2d at 602.

Jones does not show that any of the potential witnesses were available to testify; were willing to testify; would have testified if called to do so; or would have testified in his favor as he alleges.  He submits no affidavit from any of these purportedly favorable witnesses affirming Jones's claim.  And, other than the unsupported claim that they would have testified that he acted in self-defense, he offers no content of their testimony.  Jones's claim is conclusory.

Jones cannot show that Clark's performance was constitutionally deficient in his failure to call witnesses or that the outcome of trial would have been different. Thus, Jones cannot meet his burden under *Strickland* and § 2254.

### iv.    Jones cannot show ineffective assistance for Clark's failure to file a motion to quash.

A grand jury indicted Jones on October 16, 2008, for the second-degree murder of Armstrong.  When Jones agreed to plead guilty to manslaughter, the State filed an amended indictment charging manslaughter.  ECF No. 13-3 at 21.  When Jones withdrew his guilty plea, the court admonished that the state could "charge him with whatever the State elects to charge him with."  ECF No. 13-4 at 11.  Indeed, the State reinstated the original charge by filing another amended indictment. ECF No. 13-3 at 22.

Because a grand jury had already determined there was probable cause for the charge of second-degree murder, and had returned a true bill, there was no requirement for a second presentation of the case to the grand jury.  And nothing in the cases that Jones cites support such a claim.  The amended indictment merely reinstated the original charge after Jones withdrew his guilty plea to a lesser charge.

There was no basis for a motion to quash, and Jones offers no support for his implication that such a motion would have been granted. An attorney's failure to file a futile motion is not ineffective assistance. *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002), *cert. denied*, 538 U.S. 926 (2003); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994), *cert. denied*, 513 U.S. 966.

Moreover, the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction. *Alexander*, 775 F.2d at 598 (citing *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984) and *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980)). Jones makes no such showing.

### v.   Clark was not ineffective for failing to secure a gunshot residue expert.

Jones complains that Clark should have hired an expert to conduct a gunshot residue analysis of swabs from the victim's hands. Jones maintains that an expert would have supported his self-defense theory.

The appellate court remanded this claim to the trial court for an evidentiary hearing and the appointment of counsel. ECF No. 13-7 at 261-62. At the hearing, Helsel testified that she analyzed the swabs from Armstrong's hand. She found multiple two-component particles in the sample, which can come from a variety of sources. She testified that these particles are consistent with gunshot residue but are not conclusive that Armstrong fired a gun. ECF No. 13-8 at 90-93.

In denying Jones's claim, the judge found that Clark's failure to seek a gunshot residue analysis was not so serious an error that it would have changed the outcome

of the trial. ECF No. 13-8 at 200. In fact, the judge noted that the results would have been detrimental to Jones's defense because it undermined his self-defense theory. *Id.* at 201. The Louisiana Supreme Court found that Jones failed to state a claim under *Strickland*.

Jones has not established that Clark's decision not to pursue a gunshot residue analysis amounts to deficient performance. And the presentation of testimony is a matter of trial strategy. *Alexander*, 775 F.2d at 602.

Jones cannot meet the applicable doubly deferential standard of review.

### vi.    There was no cumulative error.

Jones claims that the cumulative effect of the alleged errors deprived him of a fair trial and effective assistance of counsel. Federal courts may only grant relief for cumulative errors where: "(1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992) (en banc) (citation omitted).

As noted above, Jones's ineffective assistance claims are meritless. Thus, there are no errors to consider cumulatively.

## III.    Conclusion

Because Jones fails to meet his burden under *Strickland* and § 2254(d), IT IS RECOMMENDED that his Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, June 27, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE